UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANSCHELL LITTLE, individually and in representative capacity for all persons identified under R.S. Mo. § 537.080, <br><br> Plaintiff, <br><br> v. <br><br> BEAUVAIS MANOR HEALTHCARE & REHAB CENTER, LLC, et al., <br><br> Defendants. | No. 4:21-CV-950 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File a Confidential Settlement Agreement and Proposed Allocation of Settlement Proceeds Under Seal (ECF No. 54) and Plaintiff's Amended Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds (ECF No. 61).[1]

### I.  Background

Gregory Little ("Decedent") passed away on March 18, 2020, from an allegedly "avoidable pressure injury on Decedent's sacrum that ultimately developed sepsis osteomyelitis, thereby necessitating his placement on hospice and ultimately his death." (Plaintiff's Amended Complaint for Damages, ECF No. 42, ¶ 2). Franschell Little, child of Decedent, brought this wrongful death action, individually, and in a representative capacity for all persons identified by

---

[1] Plaintiff filed an Amended Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds (ECF No. 50) on June 10, 2022, but it contained a typographical error at paragraph 6. Plaintiff filed this Amended Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds (ECF No. 61) to correct the typographical error. Plaintiff's Amended Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds (ECF No. 50) is denied without prejudice.

1

R.S. Mo. § 537.080. A proposed settlement was reached among Plaintiff Franschell Little, individually and "as the wrongful death class beneficiary bringing this claim pursuant to R.S. Mo. § 537.080, on behalf of herself and all wrongful death beneficiaries," and Defendant Beauvais Manor Healthcare & Rehab Center, LLC; and dismissed defendants Beauvais Manor & Rehab Center, LLC; Beauvais Manor Property, LLC; SW Financial Services Company; Sheldon Wolfe; Albert Milstein; Moshe Herman. On June 13, 2022, Plaintiff filed a Sealed Memorandum in Support of Motion for Leave to File a Confidential Settlement Agreement and Proposed Allocation of Settlement Proceeds Under Seal (ECF No. 55), as well as the Settlement Agreement (ECF No. 59) and Proposed Allocation of Settlement Proceeds (ECF No. 60).

## II.     Motion for Leave to File Under Seal

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, No. 4:19-CV-03410-SRC, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may

be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

In Plaintiff's Motion for Leave to File a Confidential Settlement Agreement and Proposed Allocation of Settlement Proceeds Under Seal (ECF No. 54), Plaintiff asserts that the "Settlement Agreement and Proposed Allocation of the Settlement Proceeds contain[] terms and provisions which, if disclosed on the record, would defeat important purposes of the Settlement Agreement, which was to resolve the Parties' disputes and claims in a confidential manner, without requiring the Parties to disclose in a public record the specific terms of their confidential settlement, and to promote peace and finality for each side." (ECF No. 54, ¶ 6).

The Court finds that the parties have shown compelling reasons for sealing the Settlement Agreement and Proposed Allocation of the Settlement Proceeds. Based on Plaintiff's representations, it appears likely that the settlement would not have been achieved had the parties believed that the terms would become public, and that Settlement Agreement and Proposed Allocation of the Settlement Proceeds contain private financial information that the parties have an interest in keeping private. Allowing such materials to remain confidential promotes the goal of encouraging settlement. *See, e.g., Long v. Gyrus ACMI, Inc.*, No. 4:18-CV-00004-SEP, 2021 WL 1985054, at *2 (E.D. Mo. May 18, 2021) ("The alternative dispute resolution process is a critical tool to aid parties in settling their claims, and settlements are often possible only if the terms are kept confidential. The public has an interest in encouraging settlements, which require fewer public resources than litigation."). The Court also finds that the public interest in Settlement Agreement and Proposed Allocation of the Settlement Proceeds is minimal. Notably, Plaintiff filed redacted versions of the Settlement Agreement and Proposed Allocation of the Settlement Proceeds, which provides the public with the necessary and relevant information, while protecting

the confidentiality of the parties' agreements. (ECF Nos. 62-1, 62-2). The Court therefore grants the motion to seal with respect to Settlement Agreement and Proposed Allocation of the Settlement Proceeds.[2]  *See also Eagen v. Kirksville Missouri Hosp. Co., LLC*, No. 2:20-CV-56-SPM, 2021 WL 6134381, at *1 (E.D. Mo. Dec. 29, 2021).

### III.  Petition for Approval of Wrongful Death Settlement

Under Missouri law, the Court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. *See Eagen*, 2021 WL 6134381, at *2 To approve a wrongful death settlement, "the Court must resolve four questions: whether (1) the Plaintiff attempted to notify all parties having a cause of action arising from [decedent's] death, (2) the proposed settlement is properly apportioned, (3) the attorneys' fees provided in the proposed settlement are proper, and (4) the parties' proposal for distributing the settlement proceeds complies with the statutory requirement." *Lewis v. Blue Springs Sch. Dist.*, No. 4:17-CV-00538-NKL, 2018 WL 1126751, at *2 (W.D. Mo. Mar. 1, 2018). Section 537.095 provides, in relevant part, that if multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court,...provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080." Mo. Rev. Stat. § 537.095.1. In addition, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto

---

[2] The Court notes that Plaintiff filed the contingency fee agreement (ECF No. 62-3), but did not request that it be filed under seal.

4

in proportion to the losses suffered by each as determined by the court." *Id.* § 537.095.3. After apportioning damages, the Court is required to order the claimant to do the following:

> (1) To collect and receipt for the payment of the judgment;
> (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted...;
> (3) To acknowledge satisfaction in whole or in part for the judgment and costs;
> (4) To distribute the net proceeds as ordered by the court; and
> (5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

*Id.* § 537.095.4.

Here, Decedent Gregory Little had seven children: Plaintiff Franschell Little, Taylor Little, India Little, Diane Wright, Nicole Wright, Tammy Daniels, and Dennis Wright. (ECF No. 62, ¶ 5). Dennis Wright predeceased Gregory Wright. Dennis Wright is survived by Denntre'yl Wright and Pavieyl Wright. Therefore, there are eight (8) wrongful death beneficiaries under R.S. Mo. §537.080.1(1). Plaintiff Franschell Little notified, via special process server, all additional seven (7) heirs of the settlement and settlement hearing. *See* ECF Nos. 45, 48. Therefore, the Court finds that Plaintiff has complied with the notice requirement of the statute.

Next, the Court considers whether to approve the total settlement amount. Although section 537.095 requires court approval of a settlement, it "does not identify a standard for 'approval' of the amount of a settlement." *Johnson v. City of Hazelwood*, No. 4:14CV00286 SNLJ, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017). Other courts have taken guidance from § 537.090, which directs the trier of fact to award "such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned" and which lists several factors for the trier of fact to consider.[2] *See Johnson*, 2017 WL 492822, at *2; *Long*, 2012 WL 1985054, at *2 & n.2. The Court's assessment of what is fair and just in the settlement context should "informed not only by the actual damages allowable under § 537.090, but also by the likelihood of success if the case were to be tried, both on questions of liability and allowable damages." *Johnson*, 2017 WL 492822. at *2.

Plaintiff notified the Court that the parties settled their dispute for $ [REDACTED].  Based upon the filings, the Court holds that the settlement amount is reasonable, particularly given the uncertainties of litigation in comparison to the certainty of an agreed settlement.  Therefore, the Court finds the settlement amount to be reasonable under these circumstances.

The Court next considers the apportionment of the settlement amount between the named plaintiff and the other heirs. After attorneys' fees, cash expenses, and liens, the amount remaining for distribution of Gregory Little's heirs is $ [REDACTED].  Plaintiff does not discuss apportionment in her filings, other than to put forth the proposed distribution of the award: Plaintiff Franschell Little $ [REDACTED] (51%), Taylor Little $ [REDACTED] (9%), India Little $ [REDACTED] (9%), Diane Wright $ [REDACTED] (9%), Nicole Wright $ [REDACTED] (9%), Tammy Daniels $ [REDACTED] (9%), Pavieyl Wright $ [REDACTED] (2%), Denntre'yl Wright $ [REDACTED] (2%). (ECF No. 60).   Missouri law requires the Court to apportion the damages "in proportion to the losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3. *See also Macke v. Patton*, 591 S.W.3d 865, 870-71 (Mo. 2019). "The duty and responsibility of apportionment of losses in a wrongful death action lies within the sound discretion of the trial court." *Parr v. Parr*, 16 S.W.3d 332, 336 (Mo. 2000).  "An appellate court will reverse the trial court's judgment only if the ruling is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law, and will not disturb the trial court's apportionment unless it is grossly excessive or inadequate."  *Parr v. Parr*, 16 S.W.3d at 336 (citing *Kavanaugh v. Mid–Century Ins. Co.,* 937 S.W.2d 243, 246 (Mo. Ct. App. 1996)).

On June 15, 2022, the Court held a hearing on Plaintiff's Amended Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds (ECF No. 61).  Named Plaintiff Franschell Little, as well as heirs India Little and Tammy Daniels, appeared in person. Franschell Little stated that she requested 51 percent of the remaining proceeds based upon her relationship

with her father, the time she spent caring for him during his final years, and the stress and efforts she spent pursuing this action. Plaintiff Franschell Little explained that she and her stepmother, Betty Little,[3] had helped care for Gregory Little for the last three years of his life while he was in a nursing home.  Franschell Little stated that she often visited her father three times per week to ensure that he was receiving adequate care. Franschell Little explained that Dennis Wright's children, Denntre'yl Wright and Pavieyl Wright, never met Gregory Little and, therefore, requested that they each only receive two (2) percent of the remaining proceeds. Franschell Little asked the Court to award each of her siblings and half-siblings nine (9) percent of the remaining proceeds.   India Little and Tammy Daniels both agreed to the proposed apportionment of proceeds, acknowledging that they would receive less than Franschell Little.

Based on the submissions of the parties and the testimony received, the Court finds that the apportionment proposed by Franschell Little is appropriate and just under the circumstances. Plaintiff demonstrated that she expended time and energy to care for her father during the end of his life, warranting an unequal distribution of the remaining proceeds.   As a result, the Court finds that Franschell Little is entitled to 51% of the remaining proceeds and her siblings and half siblings are each entitled to 9% of the remaining proceeds.   The Court agrees that Denntre'yl Wright and Pavieyl Wright each should receive 2% of the remaining proceeds based upon their lack of a direct relationship with Gregory Little.

Finally, the Court considers the question of attorneys' fees and expenses. Generally, the Court orders the payment of attorney's fees "as contracted" out of the parties' respective settlement proceeds. Mo. Rev. Stat. § 537.095.4(2). *See also, e.g., Bishop v. Nico Terrace Apartments, LLC*, No. 4:09-CV-1718-MLM, 2010 WL 2556846, at *4 (E.D. Mo. June 23, 2010). Here, the fee

---

[3]  Betty Little passed shortly after Gregory Little.

agreement submitted indicates that Plaintiff agreed to pay her attorney a contingent fee of 40% of the gross recovery, before expenses, and agreed to reimburse her attorney for all expenses incurred from the total settlement of the case, after distribution of attorney's fees. The proposed distribution of the settlement proceeds in (ECF No. 60) is consistent with that agreement, with attorney's fees to be awarded in the amount of $ [REDACTED], with case expenses in the amount of $ [REDACTED] and Decedent's liens in the amount of $ [REDACTED] to be deducted from the remaining amount of the settlement, leaving $84,305.54 to be distributed to Plaintiff and the heirs. Plaintiff requests that the settlement proceeds be distributed to counsel for fees and expenses as outlined in Exhibit 2. (ECF No. 60). The Court finds the agreed-upon distribution of attorney's fees and expenses to be reasonable and sees no basis for departing from the parties' fee contract. *Eagen*, 2021 WL 6134381, at *4.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Confidential Settlement Agreement and Proposed Allocation of Settlement Proceeds Under Seal (ECF No. 54) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds (ECF No. 61) is **GRANTED**.  Plaintiff's Amended Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds (ECF No. 50) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the cause of action and all claims for injuries, damages, and losses against Defendants be settled for $ [REDACTED] inclusive of attorneys' fees and costs, the consideration agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiff shall collect payment and execute an acknowledgment of satisfaction with the Court within ten (10) days of receipt of a check by her counsel from Defendant for the settlement amount.

**IT IS FURTHER ORDERED** that the settlement proceeds be apportioned and distributed according to the distribution (ECF No. 60).

**IT IS FURTHER ORDERED** that after the amounts set forth herein have been distributed to all persons owed money pursuant to this Order, Plaintiff shall file a notice with the Court advising that the payments have been distributed as ordered.

**IT IS FINALLY ORDERED** that upon receipt of payment and distribution to all beneficiaries, attorneys, and others owed money pursuant to this Order, as evidenced by a notice filed with this Court, all claims in this action shall be **DISMISSED WITH PREJUDICE**, and the Court will enter a separate Order to that effect.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of June, 2022.